IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOSE DURAN NAVAREZ, #09430-091,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>ESTELLA DERR, et al.,<br><br>　　　　Defendants. | CIVIL NO. 22-00182 JAO-WRP<br><br>ORDER DISMISSING ACTION |

**ORDER DISMISSING ACTION**

　　Pro se Plaintiff Jose Duran Navarez ("Plaintiff") commenced this action upon signing his Complaint on April 4, 2022.  ECF No. 1 at 8.  On April 18, 2022, the Court issued a Deficiency Order.  ECF No. 2.  The Court instructed Plaintiff either to pay the statutory filing fee of $350.00 and the administrative fee of $52.00, or to submit a fully completed in forma pauperis application on or before May 16, 2022.  *Id.* at 2.  The Court warned Plaintiff that failing to comply with these instructions would result in automatic dismissal of this action.  *Id.* at 2–3.  Although the May 16, 2022 deadline has passed, Plaintiff has not paid the filing fee or submitted the required application.

A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action.  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005).  In determining whether dismissal is appropriate, district courts consider the following five factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019).

Given Plaintiff's failure to comply with the instructions in the April 18, 2022 Deficiency Order, the Court finds that the relevant factors support dismissal of this action.  The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the Court's need to manage its docket.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).  Moreover, allowing this action to sit idle would prejudice Defendants.  *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) ("The law . . . presumes prejudice from unreasonable delay.").  Finally, there are currently no less drastic alternatives available.  The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal.  Nevertheless, considering the totality of

the circumstances and because the other factors favor dismissal, this factor is outweighed.

## CONCLUSION

(1) In accordance with the foregoing, this action is HEREBY DISMISSED without prejudice.

(2) The Clerk is DIRECTED to ENTER JUDGMENT and close the case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, May 31, 2022.



Jill A. Otake
United States District Judge

Civil No. 22-00182 JAO, *Navarez v. Derr*; Order Dismissing Action